JULIUS FREIBERG AND LEVY P. WORKUM, APPELLANTS, *v.* LEO POPPER, RESPONDENT.

*Bankruptcy — discharge in, does not affect fraudulent debts.*

One month after the filing of a petition in bankruptcy by the defendant and seven days after he had been adjudged a bankrupt, this action was commenced to recover an amount due from him to plaintiff prior to the filing of defendant's petition. At the time of its commencement an order of arrest was granted on the ground that defendant had fraudulently contracted the debt, under which he was arrested and gave bail. Judgment was entered on May 22, 1876. On September 8, 1876, he was arrested under an execution issued against his person and gave the usual bail for the limits. On March 27, 1877, he was discharged in bankruptcy, and moved to be released from arrest.

*Held,* that, as the provisions of the bankrupt act expressly excluded from the discharge to be granted thereunder, debts fraudulently contracted, the application should be denied.

APPEAL from an order releasing the defendant from arrest under an execution against his person in this action, canceling the bond given by the defendant to the sheriff for the limits, and enjoining the plaintiffs from issuing any other execution upon said judgment.

On March 18, 1876, a petition in bankruptcy was filed against the defendant by certain creditors, and on April 18, 1876, the defendant was adjudged a bankrupt upon said petition. On April 25, 1876, over one month after the filing of said petition, and seven days after the defendant had been adjudged a bankrupt, this action was commenced to recover the sum of $1,996.04 upon a draft accepted by the defendant on October 1, 1875, and given to the plaintiffs for merchandise for that amount, and also to recover the sum of $372 for goods sold and delivered by the plaintiffs to the defendant on December 20, 1875. The plaintiffs, at the time of commencing the action, procured an order of arrest against the defendant on the ground that the defendant had fraudulently contracted the debt. The defendant was arrested pursuant to said order of arrest and gave bail; on May 22, 1876, the plaintiffs entered judgment against the defendant for $2,046.22. The judgment shows the arrest of the defendant; on May 22, 1876, an execution was issued to the sheriff of New York county upon said judgment against the property of the defendant, which was returned on August 17, 1876, wholly unsatisfied; on September 8, 1876, an execution was issued on said judgment to said sheriff against the person of said defendant. The sheriff arrested the defendant thereon, and the defendant giving the usual bond for the limits; the sheriff on September 30, 1876, made return to said execution "defendant in custody;" on March 20, 1877, the defendant procured a discharge in bankruptcy. The defendant claims that he is released from all liability under said judgment by reason of said discharge in bankruptcy.

*C. H. Brannigan,* for the appellants.

*Albert Cardozo,* for the respondents.

BRADY, J. :

The action was one in which the right to arrest was given as a provisional remedy. This right was exercised and an order of arrest

obtained, which was not vacated. The facts set forth on the appli
cation for that order were quite sufficient to warrant it, and author
ized the adjudication made upon the fraud alleged, and which
was not in any way disturbed. The provisions of the bankrupt law
expressly exclude debts contracted by fraud. It was intended that
such obligations should not be discharged, and hence the exception
in the statute. (Section 5117 U. S.; title, Bankruptcy.) Having
arrived at the conclusion stated in regard to the character of the
debt, the result is quite apparent, namely, that the order appealed
from was incorrectly made and must be reversed. The case of
*Shuman* v. *Strauss* (reported in 52 N. Y., p. 404) is not in con-
flict with this view. In that case the action was on contract, and
the judgment was entered upon the complaint as such. No order
of arrest was obtained in that case, and such a remedy was waived.
The judgment extinguished the right and changed the nature of
the claim. It was one of simple contract, and without the elements
of fraud. The order appealed from should be reversed, with ten
dollars costs and disbursements.

Davis, P. J., and Ingalls, J., concurred.

Order reversed, with ten dollars costs and disbursements.